UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY BRILL,

    Plaintiff,

v.

TOYOTA MOTOR CREDIT
CORPORATION,

    Defendant.

Case No. 15-CV-68

## DEFENDANT TOYOTA MOTOR CREDIT CORPORATION'S
## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, Toyota Motor Credit Corporation ("TMCC"), by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully states as follows in support of its Motion to Dismiss the Complaint filed by Plaintiff Jeffrey Brill ("Brill"):

## INTRODUCTION

Brill's Complaint is deficient for at least three reasons. First, he did not sufficiently plead his claim asserted under the Fair Credit Reporting Act ("FCRA") because his legal basis for such an assertion is unclear. Although the title of his first count states he is seeking relief under the FCRA, the allegations themselves refer to both the Fair Debt Collection Practices Act ("FDCPA") and the FCRA. Moreover, in several of his allegations Brill alleges TMCC violated the FDCPA but then goes on to cite an FCRA statute.

Second, Brill has failed to plead sufficient facts to support a claim under the FCRA. Brill does not allege that TMCC ever received notice of purported credit report inaccuracies from a consumer reporting agency ("CRA"), which is required in order to trigger a potential FCRA violation by a furnisher like TMCC.

US_ACTIVE-121284478.5

Third, Brill attempts to assert a claim for state law defamation based upon TMCC's reporting of Brill's account to consumer reporting agencies, but the Seventh Circuit has specifically held that the FCRA preempts such a state law claim..

Accordingly, and as more fully argued below, all of Brill's claims should be dismissed for failure to state a claim upon which relief may be granted.

## ALLEGED FACTUAL BACKGROUND

In his Complaint, Brill alleges that he and non-party Kelly A. Pfeifer ("Pfeifer") leased a vehicle in May 2009 for a term of 36 months and that "[o]n information and belief, Toyota extended the lease . . . for a period of one year." (Compl. ¶¶ 1, 8.) Brill asserts that he "did not sign any documents to extend his obligations of the lease" and that the signature on the lease extension was a forgery. (*Id*. at ¶¶ 5, 15-17.) Although the Complaint is unclear on timing, Brill appears to allege that sometime after the purported forgery, TMCC then "report[ed] to credit reporting agencies that Brill had an account with Toyota that was in default, when in fact Brill had no such account." (*Id*. at ¶ 27.)

In the first count of his Complaint, Brill appears to assert a cause of action under the FCRA based on TMCC's alleged improper reporting of Brill's account to consumer reporting agencies. (*See id*. ¶¶ 25-36.) It is unclear if Brill made a scrivener's error throughout the Complaint, but he also appears to assert that TMCC "violated the provisions of the FDCPA" for the same reasons. (*Id*. ¶ 27.)

In his second count, Brill appears to assert a claim for state law defamation and alleges that TMCC "made false statements about Brill (i.e. that he had a credit relationship with Toyota that he allowed to go into default in January 2014)" and that the "information communicated tends to harm Brill's reputation in the community . . . ." (*Id*. ¶¶ 38, 43.) However, his legal basis

for such a claim is unclear as he again asserts TMCC violated the "FDCPA" and cites "15 U.S.C. § 1681n(a)(1)(B)(2)," which is a code section of the FCRA. (*Id*. ¶¶ 47, 50.)

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court reviews the sufficiency of the Complaint. In order to survive such a motion, the plaintiff's complaint must allege a plausible claim for relief. The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations marks omitted). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The mere possibility is insufficient; well-pled allegations must nudge the claim "across the line from conceivable to plausible" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570.

## ARGUMENT

**I.      Brill Fails to State a Claim Under the FCRA.**

Brill's FCRA claim should be dismissed pursuant to under Rule 12(b)(6) for two reasons. First, although the heading of Brill's FCRA count is entitled "VIOLATIONS OF FAIR CREDIT REPORTING ACT," Brill states, "Toyota reports consumer credit information to Experian and Equifax, which are consumer reporting agencies as defined by the Fair Debt Collection Practices Act (hereinafter "FDCPA)." (Compl. at ¶ 25 (emphasis added).) He also alleges that "Toyota violated the provisions of the FDCPA, specifically Section 1681s-2 . . . ." (*Id*. at ¶ 27 (emphasis added).) Brill appears to be referring to 15 U.S.C. § 1681s-2, which is the

FCRA, not the FDCPA. Accordingly, TMCC is unable to determine precisely which act Brill alleges TMCC violated. Brill has thus failed to meet the standard in *Twombly* requiring "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 555.

Second, even if Brill made a scrivener's error and meant to refer to the FCRA throughout the complaint instead of the FDCPA, the complaint does not adequately plead an FCRA claim. Brill fails to allege that TMCC received notice of purported credit report inaccuracies from a CRA, which is the sole basis for a claim under the FCRA against a furnisher like TMCC. *See* 15 U.S.C. § 1681s-2(b).

The FCRA prohibits furnishers of credit information from "[r]eporting information with actual knowledge of errors" and from "[r]eporting information after notice and confirmation of errors." 15 U.S.C. § 1681s-2(a)(1)(B). Under Section 1681s-2(b), if a credit furnisher is notified by a CRA about a consumer dispute regarding the completeness or accuracy of the credit information furnished, the furnisher must conduct a reasonable investigation with respect to the disputed information, to review the relevant information provided by the credit bureau, and to report the findings to the bureau. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) ("[T]he FCRA establishes a duty for a consumer reporting agency . . . to give notice of a dispute [pursuant to 15 U.S.C. § 1681i(a)(2)] to a furnisher of information" and "[s]uch notice is necessary to trigger the furnisher's duties under Section 1681s–2(b)."); *see also Ross v. FDIC*, 625 F.3d 808, 813 (4th Cir. 2010); *Chiang v. Verizon New England, Inc.*, 595 F.3d 26, 38 (1st Cir. 2010).

In this case, Brill has failed to allege that TMCC received notice of purported credit report inaccuracies from a CRA and his claim thus fails for that reason[1].

## II. Brill's State-Law Claims Are Preempted by the FCRA.

Although unclear, Count II of the Complaint is entitled "STATE LAW DEFAMATION CLAIM" and Brill appears to allege that TMCC violated state law when it, among other things, purportedly "made false statements about Brill" and "communicated [false statements] in writing to other persons[.]" (*See* Compl., ¶¶ 38, 41.) Brill then goes on to allege, "Toyota's violations of the FDCPA entitle Brill to actual damages as specified by the FDCPA[,]" and "punitive damages pursuant to 15 U.S.C. §1681n(a)(1)(B)(2)," which is the FCRA, not the FDCPA. (*Id*. at ¶¶ 47, 50.) To the extent Brill is making a state law claim for defamation, his claim is preempted by the FCRA. *See Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 48 (2d Cir. 2011).

In *Purcell*, a consumer brought an action against a furnisher under the FCRA and additionally asserted various state law claims, including defamation. The Seventh Circuit held that the FCRA preempted the state law claim for defamation, among others. Like the plaintiff in *Purcell*, Brill's complaint asserts a state law claim for defamation along with his FCRA claim. Brill's defamation claim is based on allegations that TMCC purportedly reported inaccurate

---

[1] *See Smith v. Nat'l City Mortg.*, No. A-09-CV-881 LY, 2010 WL 3338537, at *15 (W.D. Tex. Aug. 23, 2010) ("Thus, in order to maintain a private right of action against the Defendants under § 1681s-2(b), Plaintiffs must demonstrate that: (1) they notified a consumer reporting agency of inaccurate information; (2) the consumer reporting agency *notified the Defendants* of the dispute; (3) the Defendants failed to conduct an investigation, correct any inaccuracies and failed to notify the consumer reporting agency of the results of the investigation.");

*See also Peasley v. Verizon Wireless*, 364 F. Supp. 2d 1198, 1200 (S.D. Cal. 2005) (granting motion to dismiss complaint which failed to allege that furnisher "was ever notified by a credit reporting agency" that plaintiff's credit report contained supposed inaccuracies).

information about Brill to CRAs.   In light of the holding in *Purcell*, Count II of Brill's Complaint should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendant, Toyota Motor Credit Corporation, respectfully moves this Court for an Order dismissing the Complaint with prejudice for failure to state a claim upon which relief may be granted.

Dated: March 20, 2015

          Respectfully submitted,

          TOYOTA MOTOR CREDIT
          CORPORATION


          /s/ Christopher R. Murphy
          David Z. Smith (SBN 6256687)
          dzsmith@reedsmith.com
          Christopher R. Murphy (SBN 6302607)
          crmurphy@reedsmith.com
          REED SMITH LLP
          10 South Wacker Drive
          Chicago, IL  60606-7507
          Telephone: +1 312 207 1000
          Facsimile: +1 312 207 6400

          *Counsel for Defendant Toyota Motor Credit Corporation*

- 7 -

## CERTIFICATE OF SERVICE

      I, Christopher R. Murphy, an attorney, hereby certify that on this 20th day of March, 2015, the foregoing **Motion to Dismiss and Incorporated Memorandum of Law** was filed electronically, using the ECF system, which will send notification of such filing to all parties of record in the above-captioned matter.

                      By: /s/ Christopher R. Murphy
                              Christopher R. Murphy